| | |
|---|---|
| BRYAN CAVE LLP<br>Roger Myers (CA State Bar No. 146164)<br>roger.myers@bryancave.com<br>Rachel Matteo-Boehm (CA State Bar No. 195492)<br>rachel.matteo-boehm@bryancave.com<br>560 Mission Street, 25th Floor<br>San Francisco, CA 94105<br>Telephone:  (415) 675-3400<br>Facsimile:   (415) 675-3434<br>Attorneys for Defendant and Counter-claimant<br>American Psychiatric Association<br><br>Additional counsel on following page | **JS-6** |

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| PAUL CHAN, MD; ANNA CHAN; and CURRENT CLINICAL STRATEGIES PUBLISHING, INC. (a/k/a CURRENT CLINICAL STRATEGIES and CCS PUBLISHING, INC.),<br><br>             Plaintiffs,<br><br>   vs.<br><br>AMERICAN PSYCHIATRIC ASSOCIATION,<br><br>             Defendant. | Case No. 5:15-cv-01073-VAP-DTBx<br><br>Assigned to Hon. Virginia A. Phillips<br><br>**[PROPOSED] STIPULATED FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION**<br><br>Complaint Filed:       June 1, 2015<br>Counterclaims Filed:  Aug. 7, 2015<br><br>Scheduling Conference: Oct. 26, 2015<br>Time:                          1:30 p.m.<br>Courtroom:                   2 |
| AMERICAN PSYCHIATRIC ASSOCIATION,<br><br>             Counter-Claimant,<br><br>   vs.<br><br>PAUL CHAN, MD; ANNA CHAN; and CURRENT CLINICAL STRATEGIES PUBLISHING, INC. (a/k/a CURRENT CLINICAL STRATEGIES and CCS PUBLISHING, INC.),<br><br>             Counter-Defendants. | Trial Date:           Not Yet Scheduled |

1 Additional Counsel:

2 BRYAN CAVE LLP
3 Nancy Franco (CA Bar No. 294856)
nancy.franco@bryancave.com
4 120 Broadway, Suite 300
Santa Monica, CA 90401
5 Telephone: (310) 576-2100

Plaintiff Paul Chan, MD ("Chan") filed the Complaint in this action against Defendant American Psychiatric Association ("APA"), APA filed Counterclaims against Chan, and the parties stipulated to joining Anna Chan and Current Clinical Strategies Publishing, Inc. (a/k/a Current Clinical Strategies and CCS Publishing, Inc.) ("CCSP") as Plaintiffs and Counter-Defendants in the action. Collectively, Paul Chan, MD, Anna Chan and CCSP are referred to as the "Chan Counter-Defendants." APA and the Chan Counter-Defendants (collectively, the "Parties") have now agreed to entry of this Stipulated Final Judgment ("Judgment") and Order for Permanent Injunction ("Order") by the Court to resolve all matters in dispute in this action. Accordingly, APA and the Chan Counter-Defendants hereby stipulate and agree, and the Court, finding good cause, hereby ORDERS, ADJUDGES AND DECREES, as follows:

1. On June 1, 2015, Chan filed his Complaint in this action, alleging causes of action against APA for Tortious Interference with a Business Relationship, Defamation, Wrongful Assertion of Copyright Infringement and Antitrust.

2. On August 7, 2015, APA answered and counterclaimed against Chan for Copyright Infringement, False Designation of Origin and False Advertising.

3. At the same time, APA also filed a Motion for Judgment on the Pleadings against all Chan's claims and a special motion to strike Chan's state law claims under California's anti-SLAPP statute, Code of Civil Procedure § 425.16.

4. On Friday, September 11, 2015, Chan e-mailed to APA an unfiled opposition to APA's motion to strike and an unfiled answer to APA's counterclaims. Chan filed these documents on September 14, 2015.

5. On Monday, September 14, 2015, APA filed its Reply in Support of the Motion for Judgment on the Pleadings and Motion to Strike the Complaint under the Anti-SLAPP statute, and a Notice of Plaintiff's Non-Opposition to the Motion for Judgment on the Pleadings.

6. On September 18, 2015, the Court granted APA's Motion for

1  Judgment on the Pleadings and dismissed Chan's Complaint without prejudice.

2      7.    The Court has jurisdiction over the subject matter of this case and the
3  Parties in this action.

**APA's Rights in DSM, DSM-IV and DSM-5**

5      8.    APA develops and publishes *Diagnostic and Statistical Manual of
6  Mental Disorders* ("DSM"), the definitive guide to psychiatric diagnostic criteria
7  and the classification of mental disorders for mental health professionals.

8      9.    DSM is the handbook used by health care professionals in the United
9  States and much of the world as the authoritative guide to the diagnosis of mental
10  disorders.  It contains descriptions, symptoms and other criteria for diagnosing
11  mental disorders, provides a common language for clinicians to communicate about
12  their patients, and establishes consistent and reliable diagnoses that can be used in
13  the research of mental disorders.  It also provides a common language for
14  researchers to study the criteria for potential future revisions and to aid in the
15  development of medications and other interventions.

16      10.    Since DSM was first published in 1952, it has been periodically
17  reviewed and substantially revised over the years to incorporate and reflect new
18  research and knowledge about mental disorders.  The first incarnation of DSM
19  (DSM-I) was followed by DSM-II in 1968, DSM-III in 1980, and DSM-IV in 1994.

20      11.    APA developed and published *Diagnostic and Statistical Manual of
21  Mental Disorders, 5th Edition* ("DSM-5") in May 2013.  Development of DSM-5
22  took more than a decade cost an estimated $20-25 million.  DSM-5 replaced the
23  *Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition* ("DSM-
24  IV"), which APA had developed and published in 1994.

25      12.    APA owns all right, title and interest in and to the copyright in DSM-5,
26  and registered its copyright in DSM-5 with the United States Copyright Office on
27  March 29, 2013, as TXu 1-847-542.  APA also owns all right, title and interest in
28  and to the copyright in DSM-IV, and registered its copyright in DSM-IV with the

United States Copyright Office on September 13, 1994, as TX 3-880-796.

13. In addition, APA created and publishes the *Desk Reference to the Diagnostic Criteria from DSM-5* ("DSM-5 Desk Reference"). DSM-5 Desk Reference is intended to serve as a quick-reference manual for clinicians and consists principally of the diagnostic criteria sets from DSM-5. Proper use of DSM-5 Desk Reference requires familiarity with the text descriptions for each disorder that accompany the diagnostic criteria sets in DSM-5.

14. APA owns all right, title, and interest in and to the copyright in DSM-5 Desk Reference. APA registered its copyright in DSM-5 Desk Reference with the United States Copyright Office on January 2, 2014, as TX 7-830-969.

15. APA offers DSM-5 in hardcover, paperback and eBook form and offers DSM-5 Desk Reference in paperback, e-form and spiral-bound form.

16. APA also offers content from DSM-5 and DSM-5 Desk Reference in the form of a mobile device application called "DSM-5 Diagnostic Criteria," which is available for download from Apple's App Store and Google Play, among other digital distribution platforms. APA's "DSM-5 Diagnostic Criteria" app is the mobile application version of DSM-5 Desk Reference ("DSM-5 App").

17. APA uses "DSM," "DSM-IV" and "DSM-5" as trademarks to indicate the origin and source of its goods and services. In addition to common law rights in these marks, APA owns federal trademark registrations for "DSM" in connection with printed publications, namely, a series of books in the field of psychiatry (Reg. No. 2,354,615); for "DSM-IV" in connection with printed educational materials, namely, a series of books relating to the field of psychiatry, and CD ROMs, prerecorded floppy discs, instructional videotapes and audiocassettes featuring information about the field of psychiatry and diagnostic criteria for mental disorders (Reg. No. 2,148,566); and for "DSM-5" in connection with pre-recorded instructional CDs and DVDs featuring information regarding the classification, description, diagnosis and treatment of mental disorders; downloadable electronic

publications in the nature of reference manuals featuring information regarding the classification, description, diagnosis and treatment of mental disorders; printed educational materials, namely, a series of books featuring information regarding the classification, description, diagnosis and treatment of mental disorders, and non-downloadable electronic publications in the nature of e-books featuring information regarding the classification, description, diagnosis and treatment of mental disorders (Reg. No. 4,481,438).  All the foregoing trademarks are collectively referred to herein as "APA's DSM Marks."

18.     The Parties agree that APA's DSM Marks have become famous.

**The Chan Counter-Defendants' DSM-Related Content And Products**

19.     In 2012, a seller identified as Current Clinical Strategies Publishing offered a mobile device application entitled *Diagnostic and Statistical Management of Mental Disorders of the DSM-IV* through the iTunes App Store ("Chan's DSM-IV App"), which consisted of material from DSM-IV and which Apple removed from the iTunes App Store in 2012.

20.     In 2014, a seller identified as Anna Chan began offering a mobile device application entitled *Diagnosis of Mental Disorders, 5th Edition* for download from Apple's iTunes App Store ("Chan's iTunes DSM-5 App"), and a seller identified as Current Clinical Strategies began offering an Android version of the same app entitled *Diagnosis of Mental Disorders – 5* and a similar app entitled *Psychiatry Guidelines for DS-5* [sic] for download on Google Play ("Chan's Google Play DSM-5 Apps") (Chan's iTunes and Google Play DSM-5 Apps are referred to collectively herein as "Chan DSM-5 Apps").

21.     In 2014, a publisher identified as Current Clinical Strategies Publishing, Inc. also began offering for sale a book purportedly authored by Margaret Johnson, MD, entitled *Psychiatry Guidelines for DSM-5*, and, in 2015, a book also purportedly authored by Margaret Johnson, MD, entitled *Psychiatry Guidelines for DSM-5 2015 Edition* (collectively, "Chan's DSM-5 Book").

4

[PROPOSED] STIPULATION AND FINAL JUDGMENT
AND ORDER FOR PERMANENT INJUNCTION          Case No. 5:15-cv-01073-VAP-DTBx

22. In 2015, Apple removed Chan's iTunes DSM-5 App from the iTunes App Store, but Chan's Google Play DSM-5 Apps remain available on Google Play, Amazon Digital Services and other digital distribution platforms, and Chan's DSM-5 Book remains available through Amazon.com and other online book outlets.

**Permanent Injunctive Provisions**

23. The permanent injunction provisions of this Judgment and Order apply to the Chan Counter-Defendants and to those acting in active concert or participation with any of the Chan Counter-Defendants and who have or receive actual notice of this Judgment and Order, as well as all of their respective agents, servants, employees, legal representatives, successors-in-interest, heirs, successors, assigns, and any other persons, firms, corporations or related organizations acting by or under their authority, in active concert or privity or in participation with any of the foregoing and who receive actual notice of this Judgment and Order by personal notice or otherwise (collectively, "Enjoined Parties").

24. The Enjoined Parties are hereby permanently enjoined and restrained from directly or indirectly doing any of the following:

    A. Creating, publishing, uploading, distributing, displaying, marketing, promoting, advertising, selling or offering for sale or download Chan's DSM-IV App, Chan's DSM-5 Apps, Chan's DSM-5 Book or any other mobile application, book, publication or other material containing any content copied, whether verbatim or by paraphrasing, from APA's DSM-IV, DSM-5, DSM-5 App, DSM-5 Desk Reference and any other of APA's DSM-IV or DSM-5 publications (collectively, "APA DSM Content"), including without limitation DSM-IV and DSM-5;

    B. Using the term DSM, any of APA's DSM Marks or any term confusingly similar thereto in connection with (i) the marketing, distributing, selling, offering for sale or download, displaying, promoting or advertising of

any mobile application, book, publication or any other print, digital or video content, or (ii) any company name or domain name;

  C. Making any false representation, or performing any act or thing likely to induce the mistaken belief that APA has in any way approved or is affiliated with, connected to or associated with any of the Enjoined Parties or products and/or services marketed, sold, promoted or advertised by any of the Enjoined Parties;

  D. Registering or seeking to register with any foreign or domestic, state or federal agency, including, but not limited to, the United States Patent and Trademark Office ("USPTO"), any of APA's DSM Marks, or any mark confusingly similar to any mark owned by APA, as a trademark, company name, domain name, or publication name;

  E. Registering or seeking to register with any foreign or domiestic, state or federal agency, including, but not limited to, the United State Copyright Office, any works copied, whether verbatim or by paraphrasing, from any works created, published, or distributed by APA; and

  F. Challenging or assisting others in challenging, either directly or indirectly, the enforceability, validity and/or ownership of any of APA's copyrights or trademarks in any foreign or domestic, state or federal agency, court or tribunal, including, but not limited to, the USPTO.

25. The Enjoined Parties are hereby further permanently enjoined from using or disseminating in any manner any and all materials and/or advertising literature (whether in electronic or written form) that copy, whether verbatim or by paraphrasing, any APA DSM Content or that reference any of APA's DSM Marks, or any mark or term confusing similar thereto as trademarks. The Enjoined Parties shall not transfer any of said materials or advertising literature to any third party for the commercial gain of any Enjoined Party or any third party.

26. Pursuant to the permanent injunctive provisions set out in Paragraphs 24(A)-(F) and 25 of this Order, the Enjoined Parties shall, within seven (7) days of the date on which the last Party has executed this [Proposed] Stipulation and Final Judgment and Order for Permanent Injunction:

    A. Remove from Google Play, Amazon Digital Services and any other digital distribution platform (i) Chan's DSM-5 Apps and any other mobile application containing any content copied, whether verbatim or by paraphrasing, or otherwise derived from any APA DSM Content , and (ii) all content describing or referring to Chan's DSM-IV App or DSM-5 Apps; and

    B. Remove from Amazon.com and any other website or store (i) Chan's DSM-5 Books and any other book or publication containing any content copied, whether verbatim or by paraphrasing, or otherwise derived from any APA DSM Content, and (ii) all content describing or referring to Chan's DSM-IV App or DSM-5 Books.

27. Any violation of this Judgment and/or Order by any of the Enjoined Parties shall cause APA irreparable harm, entitling APA to an immediate injunction against the Enjoined Parties in violation of this Judgment and/or Order to cease all actions causing said violation.

28. In the event of any litigation to enforce or interpret this Judgment and Order, the prevailing party shall be awarded its reasonable attorneys' fees and all costs incurred in that action.

29. Each Party shall bear its own costs and attorneys' fees incurred in this action and APA shall not seek damages on any of its Counterclaims, provided, however, that in the event APA establishes a breach of any provision of this Judgment and Order by any of the Chan Counter-Defendants, or establishes that any action of the Chan Counter-Defendants contributed to or caused, directly or indirectly, the breach of any terms of this Judgment and Order, APA will be entitled to (A) an award of damages (and/or disgorgement of profits) resulting from the

breach, (B) an award of damages (and/or disgorgement of profits) based on one or more of APA's Counterclaims (upon proof sufficient to establish the liability of one or more of the Chan Counter-Defendants with respect to such Counterclaims), and (C) an award of attorneys' fees incurred by APA in (i) litigating this action (from the filing of Chan's Complaint to the entry of this Judgment and Order), (2) establishing a breach of this Judgment and Order, and/or (3) proving the liability of one or more of the Chan Counter-Defendants based on one or more of APA's Counterclaims.

30. The Parties enter into this Judgment and Order freely and without coercion and acknowledge that they understand all of the provisions of this Order and are prepared to abide by them.

31. This Judgment and Order shall inure to the benefit of each Party and their successors and assigns.

32. The Chan Counter-Defendants shall deliver copies of this Judgment and Order to all principals, officers, directors, managers, employees, authors, agents and representatives of the Enjoined Parties, including without limitation Margaret Johnson, MD. For current personnel, delivery shall be within seven (7) days of entry of this Judgment and Order. For new personnel, delivery shall occur prior to the person's assuming responsibilities with the Enjoined Parties.

33. Chan's entire Complaint is hereby dismissed with prejudice.

34. This Court shall retain jurisdiction over this matter for purposes of modification and enforcement of this Judgment and Order.

**IT IS SO ORDERED.**

DATED: _October 23, 2015_____        _____
                                     Hon. Virginia A. Phillips
                                     United States District Court

Accepted and agreed to by the Parties:

Dated: October \_\_\_, 2015    **PAUL CHAN, MD**

By: _____
    Paul Chan, MD

Dated: October \_\_\_, 2015    **ANNA CHAN**

By: _____
    Anna Chan

Dated: October \_\_\_, 2015    **CURRENT CLINICAL STRATEGIES PUBLISHING, INC.**

By: _____
    Paul Chan, Owner

Dated: October \_\_\_, 2015    **AMERICAN PSYCHIATRIC ASSOCIATION**

By: _____
    Colleen Coyle, General Counsel

# PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 560 Mission Street, 25th Floor, San Francisco, CA 94105.

On October __, 2015, I served the foregoing document described as:

**[PROPOSED] STIPULATED FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION**

on the interested party in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

☒   BY CM/ECF NOTICE OF ELECTRONIC FILING: I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court. Plaintiff was served via email at the address below:

| | |
|---|---|
| Paul Chan, MD<br>P.O. Box 1753<br>Blue Jay, CA  92317<br>info@ccspublishing.com | *Plaintiff and Counter-defendant* |

☒   BY EXPRESS MAIL: I caused said document to be sent via U.S.P.S. Express Mail to the addressee as indicated

| | |
|---|---|
| Anna Chan<br>P.O. Box 1753<br>Blue Jay, CA  92317<br>info@ccspublishing.com | *Plaintiff and Counter-defendant* |
| Current Clinical Strategies Publishing, Inc<br>P.O. Box 1753<br>Blue Jay, CA  92317<br>info@ccspublishing.com | *Plaintiff and Counter-defendant* |

☐   BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Santa Monica, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   BY PERSONAL SERVICE: I caused the above-mentioned document to be personally served to the offices of the addressee.

☐   BY FACSIMILE: I communicated such document via facsimile to the addressee as indicated on the attached service list.

1

Proof of Service                                                   Case No. 5:15-cv-01073-VAP-DTBx

BRYAN CAVE LLP
560 MISSION STREET, 25TH FLOOR
SAN FRANCISCO, CA  94105-2994

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Dated: October __, 2015

Nancy Burnett